UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM JAMES COPELAND,
Petitioner-Appellant,

v.

STATE OF SOUTH CAROLINA;
ATTORNEY GENERAL OF THE STATE OF
SOUTH CAROLINA,
Respondents-Appellees.

No. 95-7976

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
G. Ross Anderson, Jr., District Judge.
(CA-95-1668-0-3BD)

Submitted: August 30, 1996

Decided: September 13, 1996

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

William James Copeland, Appellant Pro Se. Donald John Zelenka,
Chief Deputy Attorney General, Columbia, South Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (1988), underline amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, seeking relief from his convictions for attempted armed robbery, assault and battery with intent to kill, and possession of a firearm during a dangerous felony. We dismiss.

Appellant claimed that he was entitled to habeas relief because his attorney was ineffective and because his confession was allegedly coerced in some unexplained manner. Turning to the ineffective assistance of counsel claims, Appellant alleges that his attorney was ineffective because: (1) he told Appellant to plead guilty despite Appellant's assertion that he had no prior knowledge that a crime was going to occur;[1] (2) he forced Appellant to plead guilty by telling him that if he went to trial he would lose and be sentenced to forty-five years, but if he pled guilty the prosecution would recommend twenty years;[2] (3) during the plea and sentencing hearing he falsely stated that Appellant knew that his co-defendant possessed a gun; and (4) he failed to object to police testimony concerning whether Appellant accompanied his co-defendant on a trip to obtain a gun prior to the robbery. We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error as to claims (1), (2), and (4). Accordingly, we dismiss those claims on the reasoning of the district court. Copeland v. South Carolina, No. CA-95-1668-0-3BD (D. S.C. Oct. 30, 1995). Address-

_____

[1] In relation to this claim Appellant also argues that he cannot be guilty of attempted armed robbery and assault and battery because he did not personally possess or use a weapon.

[2] Related to this claim is the allegation that the attorney was not prepared for trial, thereby ensuring a loss if the case were to proceed.

2

ing Appellant's remaining ineffective assistance claim we find that, even assuming the allegations constitute deficient performance, Appellant has failed to demonstrate the prejudice necessary to prevail. See Strickland v. Washington, 466 U.S. 668 (1984) (providing standard).

Turning finally to Appellant's coerced confession claim, we find that Appellant failed to mention this claim in his objections to the magistrate judge's recommendations and report despite warning that such a failure could result in a waiver of appellate review. The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). See generally Thomas v. Arn, 474 U.S. 140 (1985). Accordingly, because of Appellant's failure following proper notice we do not review this claim.

Given the foregoing disposition we deny a certificate of probable cause to appeal and dismiss the appeal.[3] To the extent that a certificate of appealability is required, we deny such a certificate as well. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

[3] We also deny Appellant's motion for general relief.

3